18-2473-cv
Effecten-Spiegel AG et al. v. Merrill Lynch, Pierce, Fenner & Smith Incorporated et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
BRIAN M. COGAN,*
*District Judge*.

------------------------------------------------------------------

EFFECTEN-SPIEGEL AG, ARFB ANLEGERSCHUTZ UG,

*Petitioners-Appellants*,

v.                                        No. 18-2473-cv

---

* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MERRILL LYNCH & CO., INC.,

*Respondents-Appellees,*

PORSCHE AUTOMOBIL HOLDING SE,

*Intervenor-Appellee,*

JOHN THAIN,

*Respondent.*

------------------------------------------------------------

FOR PETITIONERS-APPELLANTS: RALPH M. STONE (Susan M. Davies, *on the brief*), Stone Bonner & Rocco LLP, New York, NY.

FOR RESPONDENTS-APPELLEES: LARA SAMET BUCHWALD (Sushila Rao Pentapati, *on the brief*), Davis Polk & Wardwell LLP, New York, NY.

FOR INTERVENOR-APPELLEE: SUHANA S. HAN (Robert J. Giuffra, Jr., *on the brief*), Sullivan & Cromwell LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

2

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Effecten-Spiegel AG and ARFB Anlegerschutz UG appeal the order of the District Court (Cote, J.), denying their application to seek discovery from Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPFS") and Merrill Lynch & Co., Inc. ("MLC") under 28 U.S.C. § 1782. On appeal, they argue that the District Court erred in applying the discretionary factors in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), that it improperly concluded that § 1782 does not authorize the discovery of documents located outside the United States, and that it erred in concluding that MLPFS and MLC did not possess relevant information. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the District Court's conclusions of whether the statutory requirements of § 1782 are met. Euromepa, S.A. v. R. Esmerian, Inc., 154 F.3d 24, 27 (2d Cir. 1998). If we agree that these requirements are met, the District Court's "decision on whether to grant discovery [is reviewed] for abuse

3

of discretion."   Id.   However, we also review de novo "the question of whether [§ 1782] imposes any particular limitations on the exercise of that discretion."

Id.

The District Court did not err in its application of the Intel factors.   These factors "are not to be applied mechanically," and "[a] district court should also take into account any other pertinent issues arising from the facts of the particular dispute."   Kiobel v. Cravath, Swaine & Moore LLP, 895 F.3d 238, 245 (2d Cir. 2018).   With respect to the first and second Intel factors, the District Court was entitled to consider the possibility that much of the requested discovery could be obtained from Porsche, a party to the German litigation.   See Mees v. Buiter, 793 F.3d 291, 303 (2d Cir. 2015); Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 84–85 (2d Cir. 2004).   The District Court also properly considered the second Intel factor.   See Mees, 793 F.3d at 297–98.   And with respect to the third factor, the District Court properly considered whether the petition was an attempt to "circumvent [a jurisdiction's] more restrictive discovery practices."   Kiobel, 895 F.3d at 245.

4

Contrary to the Appellants' suggestion, the District Court did not impose a categorial bar on extraterritorial discovery. Nor did it determine that MLPFS and MLC had no relevant information. Instead, the District Court declined to grant the petition for two reasons. First, it viewed the petition as an attempt to use MLPFS and MLC to obtain discovery from a separately incorporated foreign subsidiary. Second, it concluded that Petitioners had not shown that either MLPFS or MLC were involved in the underlying conduct that is the subject of the German litigation. The District Court acted within its "considerable discretion" in reaching these conclusions. Schmitz, 376 F.3d at 84; see Chase Manhattan Corp. v. Sarrio S.A. (In re Sarrio), 119 F.3d 143, 147 (2d Cir. 1997).

We have considered Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5